IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRANDON BARBOUR,<br>Plaintiff,<br>v.<br>GAVIN BANDA, in his individual capacity; ROBERT TROMBLY, in his individual capacity; and PROVO CITY POLICE DEPARTMENT,<br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:25-CV-167 TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on two Reports and Recommendations issued by the Magistrate Judge,[1] and the parties' respective objections thereto.[2] For the reasons discussed herein, the Court will adopt the Magistrate Judge's Report and Recommendations in full and overrule the objections.

## I. BACKGROUND

On March 5, 2025, Plaintiff Brandon Barbour filed his original complaint.[3] The case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).[4] Plaintiff amended his Complaint (the "Complaint") on July 2, 2025, after being invited to do so by the Magistrate Judge.[5] The Complaint names Gavin Banda ("Officer Banda" or "Banda"), Robert Trombly ("Trombly"), and Provo City Police Department ("PCPD") as Defendants. On January

[1] Docket Nos. 15, 38.

[2] Docket Nos. 16, 39, and 40.

[3] Docket No. 1.

[4] Docket No. 12.

[5] Docket No. 9.

9, 2026, the Magistrate Judge issued its first Report and Recommendation ("First R&R"), recommending that the Court dismiss all claims against Trombly with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[6] Plaintiff timely objected to the First R&R.[7]

On February 24, 2026, Defendants filed a Motion to Dismiss.[8] On July 30, 2026, following the parties' briefing on the Motion, the Magistrate Judge issued a second Report and Recommendation ("Second R&R"), recommending that five of the six claims included in the Complaint be dismissed. Both parties filed timely objections to the Second R&R.

## II. STANDARD OF REVIEW

Because the parties have timely objected, the Court is "required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[9] In conducting a de novo review,

> a court should make an independent determination of the issues; it is not to give any special weight to the prior determination. . . . The district judge is free to follow a magistrate [judge's] recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.[10]

## III. DISCUSSION

As detailed by the Magistrate Judge, the Complaint alleges as follows: Officer Banda initiated a traffic stop and subsequently issued a citation to Plaintiff for Failure to Stop or Yield,

---

[6] Plaintiff was allowed to proceed in forma pauperis. As such § 1915(e)(2)(B) directs that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

[7] Pursuant to 28 U.S.C. § 636(b), a party has 14 days after being served with a copy of the Report and Recommendation to file an objection.

[8] Docket No. 24.

[9] *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3).

[10] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted).

an infraction. Plaintiff disputed the citation in Provo Justice Court. Trombly, the city prosecutor assigned to the case, offered Plaintiff a plea deal on two separate occasions without reviewing the evidence or the verifying the factual basis of the citation.[11] Plaintiff declined both plea offers and eventually provided Provo City with his own dash camera footage, which showed the cited infraction did not occur. After reviewing the footage, Provo City "dismissed the case on evidentiary and factual grounds."[12] Plaintiff subsequently sought to file an internal misconduct complaint against Banda with PCPD for falsifying a police report. However, an unnamed PCPD supervisor would not accept the complaint, and told Plaintiff he did not believe Banda "did anything wrong."[13]

When evaluating a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[14] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

---

[11] Docket No. 9, at 3.

[12] *Id.*

[13] *Id.*

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Because Plaintiff appears pro se, the Court will construe the Complaint and briefing with the requisite flexibility.[18] However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant," and a "broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[19]

Plaintiff's Complaint asserts six causes of action: violation of Plaintiff's Fourth Amendment rights by Officer Banda (Claim I); malicious prosecution and due process violations by Trombly (Claims II and III); municipal liability against PCPD (Claims IV and VI); and defamation against Officer Banda and Mr. Trombly (Claim V). The Magistrate Judge recommends dismissal of all claims except Claim I asserted against Officer Banda. Plaintiff objects to dismissal of any of his claims, and Defendants object to allowing the claim against Banda to proceed.

*a. Claim I – Fourth Amendment Violation by Officer Banda*

Defendants object to the Magistrate Judge's finding that Officer Banda is not entitled to qualified immunity. A public official's "entitlement to qualified immunity . . . depends on whether [the plaintiff] has shown that: (1) [the official] violated a constitutional right and (2) the constitutional right was clearly established."[20] The Magistrate Judge found that the Complaint sufficiently pleaded that Officer Banda violated Plaintiff's Fourth Amendment rights by

---

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[19] *Id.*

[20] *Cox v. Glanz*, 800 F.3d 1231, 1246 (10th Cir. 2015) (internal quotation marks and citation omitted).

initiating a traffic stop without reasonable suspicion, and that "the Fourth Amendment violation was clearly established at the time of the traffic stop."[21]

Defendants contend that the facts alleged in the Complaint do not support a Fourth Amendment violation. In support, Defendants point to the Complaint wherein Plaintiff "expressly alleges, 'Officer Gavin Banda . . . initiated a traffic stop, alleging that Plaintiff committed a Failure to Stop or Yield,'" and issued a citation accordingly.[22] Defendants argue these assertions show he had reasonable suspicion for the traffic stop and, therefore, establish there was no Fourth Amendment violation.

"Reasonable suspicion is a low bar, but it is not that low."[23] As noted by Defendants, "[a] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring."[24] Importantly, "[t]he Fourth Amendment requires 'some minimal level of *objective* justification' for making the stop."[25] The explanation Banda provided to Plaintiff for the stop and subsequent citation does not, by itself, establish that Banda did in fact observe a traffic violation or otherwise support even a minimal objective justification for the stop. Notably, the Complaint alleges that Plaintiff's video evidence showed no violation occurred and that the citation was dismissed after prosecutors reviewed Plaintiff's footage. If the Court were to accept the explanation provided by the officer at the time of the stop as conclusive proof

---

[21] Docket No. 38, at 17.

[22] Docket No. 39, at 5 (quoting Docket No. 9, at 3).

[23] *United States v. Frazier*, 30 F.4th 1165, 1178 (10th Cir. 2022).

[24] *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995).

[25] *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *INS v. Delgado,* 466 U.S. 210, 217 (1984) (emphasis added).

of reasonable suspicion, the Fourth Amendment would do little to nothing to protect against frivolous stops. Accordingly, the Court rejects Defendants' assertion that the Complaint itself establishes that no Fourth Amendment violation occurred.

Based on the above analysis, the Court agrees with the Magistrate Judge's analysis as to Plaintiff's Fourth Amendment claim against Banda and, therefore, overrules Defendants' objection to the Magistrate Judge's Second R&R and adopts the recommendation allowing the claim to move forward.

*b. Claims II and III—Misconduct and Due Process Violations Against Trombly*

Both R&Rs recommend dismissal of the claims Plaintiff asserts against Trombly, finding that the claims are barred by prosecutorial immunity. Plaintiff objects to their dismissal.

Prosecutors are entitled to the "full force" of absolute immunity insofar as their "activities [are] intimately associated with the judicial phase of a criminal process," such as "initiating a prosecution and . . . presenting the . . . case."[26] By contrast, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[27]

The Magistrate Judge found that the Complaint's allegations against Trombly, including proceeding without probable cause, offering plea deals before reviewing evidence, and prosecuting baseless allegations, are actions intimately associated with the judicial process. Accordingly, the Magistrate Judge found Trombly is entitled to absolute immunity. The Court agrees.

[26] *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).

[27] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff contends that the Complaint "does not merely allege that Trombly prosecuted Plaintiff and therefore should be liable," but instead "alleg[es] a chronology."[28] However, a review of the chronology described in the Complaint and of Plaintiff's assertions in relation to his objection do not reveal any conduct on the part of Trombly that fell outside of his role as advocate for Provo City. Plaintiff specifically notes the Complaint's allegations supporting that "meaningful review had not yet occurred while plea offers were being made,"[29] and therefore argues the conduct should not be reduced to simply "evaluation of evidence."[30] This is not persuasive. A decision to make a plea deal, however unsupported the underlying charges may be, falls squarely in the realm of prosecutorial actions that are intimately associated with the judicial process.[31]

Plaintiff next argues that the Magistrate Judge fails to sufficiently "identify what precise conduct is being immunized and why, rather than characterizing the entire course of events as a single protected prosecutorial act," and requests a particularized assessment as to each independent act. The Court disagrees and declines. The Magistrate Judge accurately describes the Complaint's assertions regarding Trombly's actions, finds the relevant actions to be "intimately associated with the judicial process," and accordingly, finds Trombly to be protected by absolute immunity. Further analysis and explanation is not necessary.

---

[28] Docket No. 40, at 19.

[29] *Id.* at 21.

[30] *Id.*

[31] *See Jarvis v. Cnty. of Teton Wyo.*, No. 25-8034, 2026 WL 1122106, at *4 (10th Cir. Apr. 24, 2026) (upholding district court's determination that a prosecutor was entitled to absolute immunity for his allegedly malicious actions, including offering a plea deal).

Plaintiff also argues that, at this stage, dismissal is not appropriate because he "should not be required to allege internal information he could not reasonably possess before discovery."[32] However, Plaintiff fails to identify what information he might expect to discover in relation to his claims against Trombly that would fall outside of his role as an advocate for Provo City. Further, the Court cannot imagine any such information exists considering that the allegations and associated harms asserted against Trombly relate solely to the actions Trombly took in prosecuting Plaintiff for the infraction. Accordingly, the Court agrees with the Magistrate Judge that amendment would be futile.

Having fully reviewed the record and Plaintiff's objections as to dismissal of the claims against Trombly, the Court finds no reason to disagree with the findings of the Magistrate Judge. Accordingly, the Court overrules Plaintiff's objection to the Magistrate Judge's R&Rs[33] as it relates to Trombly and adopts the recommendation to dismiss the claims against Trombly with prejudice.

*c. Claims IV and VI—Claims against Provo City*

The Magistrate Judge liberally construes Plaintiff's fourth and sixth causes of action as claims against Provo City for § 1983 municipal liability, and recommends their dismissal based on the Complaint's failure to provide adequate factual support. Plaintiff objects to their dismissal.

---

[32] Docket No. 40, at 22.

[33] The First R&R recommends dismissal of the defamation claim against Trombly based on Trombly's absolute immunity. The Second R&R recommends dismissal of the defamation claim against Trombly for lack of jurisdiction. The Court adopts the Second R&R's recommendation for dismissal of the defamation claim based on lack of jurisdiction.

As noted in the Second R&R, "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[34] Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[35] Additionally, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."[36] The Second R&R details various circumstances that would support a finding of a "municipal policy or custom," and concludes that the Complaint fails to support any such finding.[37] Having reviewed the Complaint, relevant law, and the parties' respective positions, the Court agrees with the Magistrate Judge's findings.

Plaintiff argues that the Complaint's allegations are sufficient to support municipal liability. He specifically recounts the Complaint's allegations that, when "Plaintiff attempted to submit an internal misconduct complaint concerning Officer Banda's allegedly false report[,] . . . a Provo Police Department supervisor refused to accept that complaint and stated: "I don't believe he did anything wrong."[38] Plaintiff further cites the allegation in relation to Count VI stating "that Provo City maintained a: 'policy or custom of inaction' which contributed to the alleged constitutional violation."[39]

---

[34] Docket No. 38, at 19 (quoting *Waller v. City & Cnty. of Den.*, 932 F.3d 1277, 1283 (10th Cir. 2019)).

[35] *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).

[36] *Id.* at 404.

[37] Docket No. 38, at 20.

[38] Docket No. 40, at 12.

[39] *Id.*

To support municipal liability, the Complaint must include specific allegations to support that Provo City caused injury to Plaintiff by initiating or adopting a regulation, policy, or custom—formal or informal, or by failing to adequately train or supervise employees with deliberate indifference.[40] For the same reasons explained by the Magistrate Judge,[41] the Court finds that a single, unidentified supervisor's refusal to file a complaint, and a conclusory allegation of a "policy or custom of inaction," falls short of making the requisite showing.

The Court has reviewed Plaintiff's remaining arguments regarding his objection to the Magistrate Judge's recommended dismissal of his claims against Provo City and has not identified any basis therein to disagree with the Second R&R's recommendation. Accordingly, the Court overrules Plaintiff's objections related to his municipal liability claims and adopts the Magistrate Judge's recommendation to dismiss the claims without prejudice

*d. Claim V—Defamation*

The Magistrate Judge recommends dismissal of Plaintiff's Defamation Claims against Trombly and Banda for lack of jurisdiction. The Utah Governmental Immunity Act ("UGIA")[42] requires written notice to a governmental entity or employee disclosing the claim before an action can be brought against that entity or employee.[43] "Compliance with the Immunity Act is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities."[44]

---

[40] *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010).

[41] *See* Docket No. 38, at 20–21.

[42] Utah Code Ann. §§ 63G-7-101, et seq.

[43] *Id.* § 63G-7-401(3).

[44] *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632.

Plaintiff does not object to the Magistrate Judge's finding that the Court lacks subject matter jurisdiction due to Plaintiff's failure to comply with the UGIA, but instead objects to the Magistrate Judge treating the defamation claim exclusively as a Utah state-law claim. Plaintiff argues that because the Complaint "expressly invoke[es] federal constitutional rights . . . [and] protections" and identifies "[c]oncrete [e]mployment and [p]rofessional [c]onsequences" resulting from Defendants' defamatory actions, the Court should construe the Complaint to include "any federal constitutional theory in addition to the separately captioned Utah tort theory."[45]

The Magistrate Judge rejected Plaintiff's argument that his defamation claim was "asserted as part of a federal stigma-plus constitutional claim under 42 U.S.C. § 1983" because the Complaint "characterizes the defamation claim [as] a state tort claim" and "contains no reference to a stigma-plus claim under § 1983."[46] The Court overrules Plaintiff's objections for the same reason.

> If the court can reasonably read the pleadings [of a pro se plaintiff] to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[47]

However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based,"[48] and

---

[45] Docket No. 40, at 24.

[46] Docket No. 38, at 9.

[47] *Hall*, 935 F.2d at 1110.

[48] *Id.*

certainly does not permit the Court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[49]

Where the Complaint not only captions and describes Plaintiff's defamation claim as a state tort claim, but also fails to include any mention of a stigma-plus claim under § 1983, the Court cannot construct such a claim for Defendant, nor infer the necessary supporting facts. Accordingly, the Court overrules Plaintiff's objections as to his defamation claims and adopts the Magistrate Judge's recommendation to dismiss the claim without prejudice for lack of jurisdiction.

e. *Punitive Damages*

Defendants moved to dismiss Plaintiff's "claim" for punitive damages. The Magistrate Judge rejected Defendants' arguments explaining that a request for punitive damages is not an independent claim or action subject to 12(b)(6) dismissal.[50] Defendants did not object to this finding and the Court agrees with the reasoning of the Magistrate Judge.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (Docket Nos. 16 and 40) are OVERRULED. It is further

ORDERED that Defendants Objection to the Magistrate Judge's Report and Recommendation (Docket No. 39) is OVERRULED. It is further

ORDERED that the Magistrate Judge's Report and Recommendations (Docket Nos. 15 and 38) are ADOPTED IN FULL. It is further

---

[49] *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

[50] Docket No. 38, at 22–23.

ORDERED that Defendant's Motion to Dismiss (Docket No. 24) is GRANTED IN PART.

DATED this 21st day of September, 2026.

BY THE COURT:

Ted Stewart
United States District Judge